# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT,<br><br>             Petitioner,<br><br>    v.<br><br>L. L. SCHULTEIS,<br><br>             Respondent. | 1:10-cv—01532-SMS-HC<br><br>ORDER SEVERING AND DISMISSING WITH LEAVE TO AMEND PETITIONER'S CLAIM CONCERNING THE SECOND DISCIPLINARY PROCEEDING (DOC. 1)<br><br>ORDER DIRECTING THE CLERK TO OPEN A NEW ACTION AND TO FILE THEREIN A COPY OF THE PETITION AND OF THIS ORDER<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A FIRST AMENDED PETITION IN THE NEW ACTION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 8, 2010 (doc. 5).  Pending before the Court is the petition, which was filed on August 25, 2010.

1

1    I.   <u>Screening the Petition</u>

2        Rule 4 of the Rules Governing § 2254 Cases in the United

3    States District Courts (Habeas Rules) requires the Court to make

4    a preliminary review of each petition for writ of habeas corpus.

5    The Court must summarily dismiss a petition "[i]f it plainly

6    appears from the petition and any attached exhibits that the

7    petitioner is not entitled to relief in the district court...."

8    Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.

9    1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.

10   1990).  Habeas Rule 2(c) requires that a petition 1) specify all

11   grounds of relief available to the Petitioner; 2) state the facts

12   supporting each ground; and 3) state the relief requested.

13   Notice pleading is not sufficient; rather, the petition must

14   state facts that point to a real possibility of constitutional

15   error.  Rule 4, Advisory Committee Notes, 1976 Adoption;

16   <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v.</u>

17   <u>Allison</u>, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition

18   that are vague, conclusory, or palpably incredible are subject to

19   summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th

20   Cir. 1990).

21       Further, the Court may dismiss a petition for writ of habeas

22   corpus either on its own motion under Habeas Rule 4, pursuant to

23   the respondent's motion to dismiss, or after an answer to the

24   petition has been filed.  Advisory Committee Notes to Habeas Rule

25   8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43

26   (9th Cir. 2001).

27       Here, Petitioner, who at the time the petition was filed was

28   an inmate of the California Correctional Institution (CCI) at

2

Tehachapi, California, complains of what appear to be two

separate disciplinary proceedings that occurred at CCI.  The

first proceeding involved disrespect towards staff that allegedly

was committed by Petitioner on September 5, 2008 (IAB case no.

0813485, local log no. CCI-08-02744).  (Pet. 9.)  The second

proceeding involved threatening a public official on December 1,

2008 (IAB case no. 0818809, local log no. CCI-09-00132).

    II.  <u>Due Process Requirements for Prison Disciplinary
Proceedings</u>

    A district court may entertain a petition for a writ of

habeas corpus by a person in custody pursuant to the judgment of

a state court on the ground that the custody is in violation of

the Constitution, laws, or treaties of the United States. 28

U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,

375 n.7 (2000).

    Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the
judgment of a State court shall not be granted
with respect to any claim that was adjudicated
on the merits in State court proceedings unless
the adjudication of the claim–

(1) resulted in a decision that was contrary to,
or involved an unreasonable application of, clearly
established Federal law, as determined by the
Supreme Court of the United States; or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light
of the evidence presented in the State court
proceeding.

(e)(1) In a proceeding instituted by an application
for a writ of habeas corpus by a person in custody
pursuant to the judgment of a State court, a
determination of a factual issue made by a State
court shall be presumed to be correct. The applicant
shall have the burden of rebutting the presumption
or correctness by clear and convincing evidence.

1  The Petitioner bears the burden of establishing that the decision

2  of the state court was contrary to, or involved unreasonable

3  application of, the precedents of the United States Supreme

4  Court. Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir.

5  2004); Baylor v.Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).

6  With respect to prison disciplinary proceedings, procedural

7  due process of law requires that where the state has made good

8  time subject to forfeiture only for serious misbehavior, then

9  prisoners subject to a loss of good-time credits must be given

10 advance written notice of the claimed violation, a right to call

11 witnesses and present documentary evidence where it would not be

12 unduly hazardous to institutional safety or correctional goals,

13 and a written statement of the finder of fact as to the evidence

14 relied upon and the reasons for disciplinary action taken. Wolff

15 v. McDonnell, 418 U.S. 539, 563-64 (1974).  Confrontation, cross-

16 examination, and counsel are not required. Wolff, 418 U.S. at

17 568-70.

18 Further, where good-time credits are a protected liberty

19 interest, the decision to revoke credits must be supported by

20 some evidence in the record.  Superintendent v. Hill, 472 U.S.

21 445, 454 (1985).  The Court in Hill stated:

22     We hold that the requirements of due process are
       satisfied if some evidence supports the decision by the
23     prison disciplinary board to revoke good time credits.
       This standard is met if "there was some evidence from
24     which the conclusion of the administrative tribunal
       could be deduced...." United States ex rel. Vajtauer v.
25     Commissioner of Immigration, 273 U.S., at 106, 47
       S.Ct., at 304. Ascertaining whether this standard is
26     satisfied does not require examination of the entire
       record, independent assessment of the credibility of
27     witnesses, or weighing of the evidence. Instead, the
       relevant question is whether there is any evidence in
28     the record that could support the conclusion reached by

4

the disciplinary board. <u>See</u> <u>ibid.</u>; <u>United States ex</u>
<u>rel. Tisi v. Tod</u>, 264 U.S. 131, 133-134, 44 S.Ct. 260,
260-261, 68 L.Ed. 590 (1924); <u>Willis v. Ciccone</u>, 506
F.2d 1011, 1018 (CA8 1974).

<u>Superintendent v. Hill</u>, 472 U.S. at 455-56.  The Constitution
does not require that the evidence logically preclude any
conclusion other than the conclusion reached by the disciplinary
board; rather, there need only be some evidence in order to
ensure that there was some basis in fact for the decision.
<u>Superintendent v. Hill</u>, 472 U.S. at 457.

    With respect to the requirement that some evidence support
the finding that Petitioner possessed the weapon, this Court does
not make its own assessment of the credibility of witnesses or
re-weigh the evidence; however, the Court must ascertain that the
evidence has some indicia of reliability and, even if meager,
"not so devoid of evidence that the findings of the disciplinary
board were without support or otherwise arbitrary." <u>Cato v.</u>
<u>Rushen</u>, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting
<u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985)).

    In <u>Cato v. Rushen</u>, 824 F.2d at 705, the Court found that the
<u>Hill</u> standard was not satisfied where the only evidence
implicating the inmate was another inmate's statement that was
related to prison officials through a confidential informant who
had no first-hand knowledge of any relevant statements or actions
by the inmate being disciplined, and whose polygraph results were
inconclusive.  In contrast, evidence evaluated and found to
constitute "some evidence" supportive of various findings has
included the report of a prison guard who saw several inmates
fleeing an area after an assault on another inmate when no other

1  inmates were in the area, <u>Superintendent v. Hill</u>, 472 U.S. 456-

2  57; the statement of a guard that the inmate had admitted a theft

3  to supplement his income, coupled with corroborating evidence,

4  <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270 (9th Cir. 1989); an

5  inmate's admission and corroborating, circumstantial evidence,

6  <u>Crane v. Evans</u>, 2009 WL 148273, *3 (N.D.Cal. Feb. 2, 2009); and

7  an inmate's admission of having engaged in the violation plus an

8  officer's report of having heard a recording of the offending

9  conversation, <u>Dawson v. Norwood</u>, 2010 WL 761226, *1 (C.D.Cal.

10 March 1, 2010).

11       III.  <u>Dismissal of the Claim concerning IAB Case No. 0818809</u>
              <u>(Second Disciplinary Proceeding)</u>

12

13            A.  <u>Basis for Dismissal</u>

14       Petitioner alleges the following with respect to IAB case

15  number 0818809, local log number CCI-09-00132:

16       PETITIONER HAVE BEEN DENIED DUE PROCESS AND EQUAL
         PROTECTION IN VIOLATION OF THE FOURTEENTH AMENDMENT
17       BY AN ARBITRARY REVIEW BOARD.  ON 12-1-08, I WAS
         GIVEN A RULE VIOLATION, AND FOUND GUILTY WITHOUT
18       PROCEDURAL DUE PROCESS.  I WAS NOT ALLOWED TO PRESENT
         DOCUMENTARY EVIDENCE, NOR HAVE LEGAL ASSISTANCE; THIS
19       SITUATION STEM FROM COVER UP, TO DENIED (SIC)
         PETITIONER'S RIGHTS.

20  (Pet. 4.)  He previously alleged that with respect to the two

21  disciplinary proceedings, he forfeited sixty (60) days of credit

22  and lost thirty (30) days.  (Pet. 1.)  It appears that the

23  thirty-day forfeiture of credit pertained to the other offense

24  concerning disrespect for staff in September 2008, so it is

25  assumed that Petitioner lost sixty days for this incident, which

26  occurred on December 1, 2008.  (Pet. 9, 7.)

27       The documentation attached by Petitioner to the petition

28  includes a director's level appeal decision on the rules

6

violation.  (Pet. 7.)  The violation concerned threatening a
public official, which Petitioner denied.  Petitioner argued on
appeal that when a correctional counselor approached his cell
door and discussed confidential information on the tier where
other inmates in the section could hear, Petitioner informed the
officer that he was going to appeal the actions; in retaliation,
the rules violation report issued.  (Id.)  However, in denying
the appeal at the director's level, the chief of inmate appeals
stated that the "Reporting Employee documentation reflects a true
account of what happened."  (Id.)  It thus appears that the
decision rested upon some evidence from an employee who appears
to have had personal knowledge of the relevant events.

   The appeal decision further recited that all procedural due
process requirements were met, including receipt by Petitioner of
the rules violation report within fifteen days of discovery of
the incident, receipt of all non-confidential documentation
relied on in the hearing at least twenty-four hours prior to the
hearing, a hearing within thirty days of the date of receipt of
the violation, and a finding that was based on a preponderance of
the evidence.  (Pet. 7.)

   Petitioner's allegations that he was denied due process and
equal protection are merely generalized assertions that are
devoid of specific facts.

   Petitioner's allegation that he was not allowed to present
documentary evidence does not state a claim that warrants habeas
relief because a prisoner has a right to present documentary
evidence only where it would not be unduly hazardous to
institutional safety or correctional goals.  Wolff v. McDonnell,

418 U.S. 539, 563-64 (1974).  The decision is left to the sound discretion of the prison officials.  Wolff v. McDonnell, 418 U.S. 539, 566; Ponte v. Real, 471 U.S. 491, 495 (1984).

Here, the documentation of the director's appeal reflects that Petitioner did request witnesses that the senior hearing officer addressed in the hearing; however, it did not contain any reference to documentary evidence.  (Pet. 7.)  Petitioner does not describe the factual context in which any request to present documentary evidence was made; thus, a reader must speculate as to any effect of documentary evidence on institutional safety or correctional goals.  Further, Petitioner does not identify or describe the documentary evidence in question.  Thus, Petitioner has not alleged facts that point to a real possibility that any prejudice was suffered by Petitioner as a result of any prohibition of presentation of documentary evidence.  See, Schenck v. Edwards, 921 F.Supp. 679, 687-88 (E.D.Wash. 1996).

Petitioner's allegation that he was not allowed to have legal assistance does not state specific facts that point to a real possibility of constitutional error.  Petitioner was not entitled to the assistance of counsel.  Wolff, 418 U.S. at 568-70.  Further, the it appears from a reference in the director's appeal that Petitioner met the pertinent criteria for an investigative employee but was simply not assigned a staff assistant.  Petitioner's allegation concerning "legal assistance" is vague and conclusory and is thus subject to summary dismissal.

In summary, the Court concludes that with respect to the second disciplinary proceeding, Petitioner has failed to allege specific facts that point to a real possibility that his rights

1  to due process of law or equal protection were violated.

2      Petitioner will be given an opportunity to file a first

3  amended petition to cure the deficiencies.

4      However, because of the improper joinder of claims in this

5  petition that is discussed hereinbelow, Petitioner's claims

6  concerning the second disciplinary hearing will be severed and

7  will proceed in a new, separate action to be opened by the Clerk.

8  Petitioner may file a first amended petition concerning the

9  second disciplinary proceeding in the new action.

10          B.   Improper Joinder of Claims

11      Rule 2(e) of the Rules Governing Section 2254 Cases in the

12  United States District Courts (Habeas Rules) provides:

13          A petitioner who seeks relief from judgments of more
            than one state court must file a separate petition
14          covering the judgment or judgments of each court.

15  Petitioner thus cannot properly challenge the judgments of two

16  different tribunals in a single proceeding.  Bianchi v. Blodgett,

17  925 F.2d 305, 308-11 (9th Cir. 1991).

18      Further, a court has inherent power to control its docket

19  and the disposition of its cases with economy of time and effort

20  for both the court and the parties.  Landis v. North American

21  Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d

22  1258, 1260 (9th Cir. 1992).

23      Here, Petitioner has not specifically described the

24  proceeding or proceedings in which he presented his claims to the

25  state courts; thus, the precise number of state court decisions

26  to be reviewed is unclear.  It is possible that Petitioner is

27  seeking this Court to review more than one state court decision.

28  Further, he is challenging two different decisions in one

9

1  petition.

2      In order to avoid placing an undue burden on the parties and

3  the Court, and to increase judicial efficiency, the Court

4  exercises its discretion to require Petitioner to proceed with

5  his claims concerning the two separate disciplinary proceedings

6  in two separate actions.

7      The presence in this single action of claims concerning two

8  distinct disciplinary proceedings is inconsistent with the rules

9  governing habeas corpus proceedings.  Although Petitioner will be

10 given an opportunity to file a first amended petition with

11 respect to his claims concerning the second disciplinary

12 proceeding, the Court will sever these claims and make them the

13 subject of a new, separate action.  Petitioner will be required

14 to file in the new action a first amended petition that bears the

15 case number of the new action.

16     Petitioner's claims concerning the first disciplinary

17 proceeding will remain pending in the present action.  By a

18 separate order in this proceeding, the Court will order the

19 Respondent to file a response to the petition in this action with

20 respect to the claims concerning the first disciplinary

21 proceeding.

22     IV.  <u>Disposition</u>

23     Accordingly, it is ORDERED that:

24     1)  Petitioner's claims concerning the second disciplinary

25 proceeding are SEVERED from the remaining claims in this action

26 and SHALL PROCEED as a separate action, while the instant action

27 concerning Petitioner's remaining claims concerning the first

28 disciplinary proceeding (IAB case no. 0813485, local log no. CCI-

10

08-02744) shall also remain pending and open; and

2)  Petitioner's claims concerning the second disciplinary proceeding (IAB case no. 0818809, local log no. CCI-09-00132) are DISMISSED with leave to amend; and

3)  The Clerk is DIRECTED as follows:

a)  To open a new case in which Petitioner shall proceed with his claims concerning the second disciplinary proceeding; and

b)  To file in the new case a copy of the initial petition in this action (doc. 1) and a copy of this order granting Petitioner leave to file a first amended petition; and

c)  To assign the new case to the undersigned Magistrate Judge, the Honorable Sandra M. Snyder; and

4)  Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in the new action in compliance with this order; and

5) The Clerk of the Court is DIRECTED to send Petitioner with this order a form petition pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that a failure to comply with this order will be considered to be a failure to comply with an order of the Court and will result in dismissal of the action.

IT IS SO ORDERED.

Dated:    **January 26, 2011**                    _____**/s/ Sandra M. Snyder**_____
                                                              UNITED STATES MAGISTRATE JUDGE