1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE K. COLBERT, | ) | 1:10-cv—01532-LJO-SMS-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS RE: |
| | ) | RESPONDENT'S MOTION TO DISMISS |
| | ) | THE PETITION (DOCS. 14, 1, 8) |
| v. | ) | |
| | ) | **OBJECTIONS DEADLINE:** |
| L. L. SCHULTEIS, | ) | **THIRTY (30) DAYS** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is Respondent's motion to dismiss the petition, which was filed on March 25, 2011, and served on Petitioner on the same date.  (Doc. 14, 6.)  No opposition to the motion to dismiss was filed.

        I.  <u>Proceeding by Motion to Dismiss</u>

        Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  <u>Lindh v.</u>

Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.   28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.   See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.   See, Hillery, 533 F. Supp. at 1194 & n.12.

2

1    In this case, Respondent's motion to dismiss addresses the
2   untimeliness of the petition pursuant to 28 U.S.C. 2244(d)(1) as
3   well as a lack of exhaustion of state court remedies.   The
4   material facts pertinent to the motion are mainly to be found in
5   copies of the official records of state administrative and
6   judicial proceedings which have been provided by Respondent and
7   Petitioner, and as to which there is no factual dispute.   Because
8   Respondent has not filed a formal answer, and because
9   Respondent's motion to dismiss is similar in procedural standing
10  to other motions to dismiss for state procedural default, the
11  Court will review Respondent's motion to dismiss pursuant to its
12  authority under Rule 4.

13      II.  <u>Background</u>

14      Here, Petitioner alleges that he was an inmate of the
15  California Correctional Institution at Tehachapi, California,
16  suffering a forfeiture of sixty (60) days of time credit imposed
17  after Petitioner was adjudicated guilty of committing a
18  disciplinary violation of being disrespectful toward staff.
19  (Pet. 1.)  Petitioner argues that in the course of the
20  disciplinary proceedings, he suffered violations of his rights to
21  due process and equal protection of the laws guaranteed by the
22  Fourteenth Amendment.  (Pet. 4.)

23      By order dated January 27, 2011, the Court severed an
24  additional claim in the petition that concerned a separate and
25  later disciplinary proceeding.  (Doc. 8.)  That claim was refiled
26  in a separate case.

27      Thus, the present petition concerns the earlier proceeding
28  referred to in the petition, namely, IAB case no. 0813485, local

3

1   log. no. CCI-08-02744.  (Pet. 9; Doc. 8, 10:23-28-11:1.)

2        Respondent correctly contends that the state court

3   proceedings referred to by Petitioner in his petition do not

4   relate to the disciplinary finding concerning disrespect for

5   staff; rather, they pertain to a later disciplinary violation in

6   December 2008.  (Mot., Ex. 4, doc. 14-1, 36-37; Ex. 5, doc. 14-1,

7   38-52; Ex. 6, doc. 14-1, 53-54; Ex. 7, doc. 14-1, 55-56.)

8   Petitioner failed to submit any documentation of exhaustion of

9   the pertinent claim in response to the motion to dismiss.  Thus,

10  record before the Court does not demonstrate exhaustion of state

11  court remedies.

12       III.   <u>The Limitations Period</u>

13       Respondent argues that the petition is untimely because

14  Petitioner filed his petition in this Court outside of the one-

15  year limitation period provided for in 28 U.S.C. § 2244(d).

16       The AEDPA provides a one-year period of limitation in which

17  a petitioner must file a petition for writ of habeas corpus.  28

18  U.S.C. § 2244(d)(1).  It further identifies the pendency of some

19  proceedings for collateral review as a basis for tolling the

20  running of the period.  As amended, subdivision (d) provides:

21       (d)(1) A 1-year period of limitation shall apply to
         an application for a writ of habeas corpus by a person
22       in custody pursuant to the judgment of a State court.
         The limitation period shall run from the latest of --
23
              (A) the date on which the judgment became final by
24            the conclusion of direct review or the expiration
              of the time for seeking such review;
25
              (B) the date on which the impediment to filing an
26            application created by State action in violation of
              the Constitution or laws of the United States
27            is removed, if the applicant was prevented from
              filing by such State action;
28

                                   4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

IV. <u>Commencement of the Running of the Statutory Period</u>

Pursuant to § 2244(d)(1)(A), the limitation period runs from the date on which the judgment became final.  Generally, under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner.  <u>Burton v. Stewart</u>, 549 U.S.147, 156-57 (2007).

However, in the present case, the decision that Petitioner challenges is not a state court judgment, but rather the decision of prison disciplinary authorities.

The one-year limitation period of § 2244 applies to habeas petitions brought by persons in custody pursuant to state court judgments who challenge administrative decisions, such as the decisions of state prison disciplinary authorities.  <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1063, 1065-66 (9th Cir. 2004).  However, it is § 2244(d)(1)(D) that applies to petitions challenging administrative decisions.  <u>Redd v. McGrath</u>, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003) (parole board determination).

Thus, the point at which an administrative decision becomes final is the date on which the factual predicate of the claim or

1    claims presented could have been discovered through the exercise

2    of due diligence.   28 U.S.C. § 2244(d)(1)(D).   In <u>Shelby</u> and

3    <u>Redd</u>, the pertinent date was the date on which notice of the

4    decision was received by the petitioner.   Thus, the statute of

5    limitations was held to have begun running the day after notice

6    of the decision was received.   <u>Shelby v. Bartlett</u>, 391 F.3d at

7    1066; <u>Redd</u>, 343 F.3d at 1082.

8        Here, the decision concerns a rule violation report dated

9    September 5, 2008, involving disrespect toward staff.   (Pet. 9.)

10   The Director's Level appeal decision that issued in Petitioner's

11   administrative appeal of the disciplinary finding was dated

12   February 11, 2009.   (Pet. 9.)   At all pertinent times in

13   California, the final level of administrative appeal was referred

14   to as the "Director's Level."   Cal. Code Regs., tit. 15,

15   § 3084.5(d); <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1264-65 (9th Cir.

16   2009).   Thus, the final decision in Petitioner's appeal was made

17   on February 11, 2009.

18       Respondent argues that this establishes that the statute

19   began running the next day, and Petitioner had until February 11,

20   2010, to file a timely federal petition.

21       Generally the statute of limitations is an affirmative

22   defense, and the party claiming the defense bears the burden of

23   proof unless the limitations statute is considered to be

24   jurisdictional.   <u>Kingman Reef Atoll Investments, L.L.C. v. U.S.</u>,

25   541 F.3d 1189, 1197 (9th Cir. 2008); <u>Payan v. Aramark Management</u>

26   <u>Services Ltd. Partnership</u>, 495 F.3d 1119, 1122 (9th Cir. 2007).

27   The one-year statute of limitations on petitions for federal

28   habeas corpus relief by state prisoners is not jurisdictional and

does not set forth an inflexible rule requiring dismissal whenever the one-year clock has run.  Holland v.Florida, --U.S.-, 130 S.Ct. 2549, 2560 (2010).  Thus, under AEDPA, the respondent bears the burden of proving that the AEDPA limitations period has expired.  Ratliff v. Hedgepeth, 712 F.Supp.2d 1038, 1050 (C.D.Cal. 2010) (collecting authorities).

Here, the face of the record does not reflect when the final decision in Petitioner's administrative appeal was served on Petitioner or when Petitioner received the decision.

The present case is thus different from both Redd and Shelby because here, Petitioner does not concede that he received notice of the final decision at any specific time or that he received timely notice of the decision.

The Court notes that in some cases, there has been applied a presumption that a final administrative decision was timely delivered to, or received by, the petitioner.  See, Valdez v. Horel, No. CIV S-06-1314 FCD KJM P, 2007 WL 2344899, at *2 (E.D.Cal. Aug. 15, 2007).  In Valdez v. Horel, there was no certificate of service attached to the denial of the administrative appeal, and the petitioner refused to concede that he was properly served with the decision.  Valdez, 2007 WL 2344899 at *2.  However, in Valdez, the petitioner's state court petitions concerning his claim were in the record, and they revealed a date upon which the petitioner there had represented that he had exhausted state court remedies. Thus, the Court noted that the petition before it demonstrated notice.  Id.

Here, the record before the Court contains no state court decisions reflecting facts that would tend to show a date by

1  which the Petitioner had received the pertinent notice.

2      Further, the record lacks any factual background concerning
3  the practices or conduct of prison staff with respect to delivery
4  of Director's Level decisions or other procedures involved in
5  notifying prisoners of decisions.  Likewise, there is no briefing
6  with respect to the pertinent regulations or other state law
7  governing delivery of notice of such decisions.  The Court
8  concludes that even if application of a presumption might be
9  appropriate in some cases, the Court does not have before it in
10 the present case a reliable basis upon which to fashion any
11 presumption concerning receipt by Petitioner of the Director's
12 Level decision.

13     The limitations period began to run in this case on the date
14 on which the factual predicate of the claim or claims presented
15 could have been discovered through the exercise of due diligence.
16 28 U.S.C. § 2244(d)(1)(D).  Respondent has not established the
17 date on which Petitioner received notice of the final
18 administrative decision.  Thus, it cannot be determined the date
19 on which the factual predicate of the claim or claims presented
20 could have been discovered through the exercise of due diligence.

21     The Court concludes that Respondent has failed to meet its
22 burden of establishing that the petition was filed outside of the
23 one-year statute of limitations.

24     Accordingly, it will be recommended that the motion to
25 dismiss the petition on the ground of untimeliness be denied.

26     V.  <u>Failure to Exhaust State Court Remedies</u>

27     Respondent argues that Petitioner failed to exhaust state
28 court remedies with respect to his claim or claims concerning the

8

disciplinary finding.

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,

9

1   133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United

2   States Supreme Court reiterated the rule as follows:

3        In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971),
         we said that exhaustion of state remedies requires that
4        petitioners "fairly presen[t]" federal claims to the
         state courts in order to give the State the
5        "'opportunity to pass upon and correct' alleged
         violations of the prisoners' federal rights" (some
6        internal quotation marks omitted). If state courts are
         to be given the opportunity to correct alleged violations
7        of prisoners' federal rights, they must surely be
         alerted to the fact that the prisoners are asserting
8        claims under the United States Constitution. If a
         habeas petitioner wishes to claim that an evidentiary
9        ruling at a state court trial denied him the due
         process of law guaranteed by the Fourteenth Amendment,
10       he must say so, not only in federal court, but in state
         court.
11
    <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule
12
    further in <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir.
13
    2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th
14
    Cir. 2001), stating:
15
         Our rule is that a state prisoner has not "fairly
16       presented" (and thus exhausted) his federal claims
         in state court unless he specifically indicated to
17       that court that those claims were based on federal law.
         <u>See</u>, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir.
18       2000). Since the Supreme Court's decision in <u>Duncan</u>,
         this court has held that the petitioner must make the
19       federal basis of the claim explicit either by citing
         federal law or the decisions of federal courts, even
20       if the federal basis is "self-evident," <u>Gatlin v. Madding</u>,
         189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v.</u>
21       <u>Harless</u>, 459 U.S. 4, 7... (1982)), or the underlying
         claim would be decided under state law on the same
22       considerations that would control resolution of the claim
         on federal grounds, see, <u>e.g.</u>, <u>Hiivala v. Wood</u>, 195
23       F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>,
         88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d
24       at 865.
         ...
25       In <u>Johnson</u>, we explained that the petitioner must alert
         the state court to the fact that the relevant claim is a
26       federal one without regard to how similar the state and
         federal standards for reviewing the claim may be or how
27       obvious the violation of federal law is.

28   <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as

amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition.  <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001).  The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims.  <u>Raspberry</u>, 448 F.3d at 1154.

Here, Respondent has submitted with the motion to dismiss copies of the petitions that Petitioner alleged he had submitted to state courts with respect to his claims.  As Respondent notes, none of the petitions reflects exhaustion of the claim concerning the September 2008 disrespect toward staff.

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A); <u>Darr v. Burford</u>, 339 U.S. 200, 218-19 (1950), <u>overruled in part on other grounds in Fay v. Noia</u>, 372 U.S. 391 (1963); <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).  If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition.  <u>Rose v. Lundy</u>, 455 U.S. 509, 515-16 (1982).

Here, Petitioner did not establish exhaustion of state court remedies in the petition.  Although the Respondent provided the record of the state proceedings referred to in the petition, the record did not show that Petitioner raised before the state

courts the challenge to the disciplinary finding that he raises

here.  Further, although Petitioner was served with Respondent's

motion, Petitioner has not availed himself of the opportunity to

establish exhaustion.

Therefore, it is concluded that Petitioner failed to meet

his burden to establish exhaustion of state court remedies.

Accordingly, it will be recommended that the motion to

dismiss the petition for failure to exhaust state court remedies

be granted.

VI. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals

from the final order in a habeas proceeding in which the

detention complained of arises out of process issued by a state

court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S.

322, 336 (2003).  A certificate of appealability may issue only

if the applicant makes a substantial showing of the denial of a

constitutional right.  § 2253(c)(2).  Under this standard, a

petitioner must show that reasonable jurists could debate whether

the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement

to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district

court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

1  529 U.S. 473, 483-84 (2000).

2      In determining this issue, a court conducts an overview of

3  the claims in the habeas petition, generally assesses their

4  merits, and determines whether the resolution was debatable among

5  jurists of reason or wrong.  Id.   It is necessary for an

6  applicant to show more than an absence of frivolity or the

7  existence of mere good faith; however, it is not necessary for an

8  applicant to show that the appeal will succeed.   Id. at 338.

9      A district court must issue or deny a certificate of

10 appealability when it enters a final order adverse to the

11 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

12     Here, it does not appear that reasonable jurists could

13 debate whether the petition should have been resolved in a

14 different manner.  Petitioner has not made a substantial showing

15 of the denial of a constitutional right.

16     Accordingly, it will be recommended that the Court decline

17 to issue a certificate of appealability.

18     VII.  Recommendations

19     Accordingly, it is RECOMMENDED that:

20     1)  Respondent's motion to dismiss the petition as untimely

21 be DENIED; and

22     2)  Respondent's motion to dismiss the petition for failure

23 to exhaust state court remedies be GRANTED; and

24     3)  The petition be DISMISSED without prejudice for failure

25 to exhaust state court remedies; and

26     4)  The Court DECLINE to issue a certificate of

27 appealability; and

28     5)  The Clerk be DIRECTED to close the case because an order

13

of dismissal would terminate the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   May 27, 2011**          **/s/ Sandra M. Snyder**
                         UNITED STATES MAGISTRATE JUDGE

14